PD-1558-15

---

# THE COURT OF CRIMINAL APPEALS

---

Ex Parte Garet Jonson

---

# PETITION FOR DISCRETIONARY REVIEW

---

On Appeal from an order denying relief on an Application for Writ of Habeas Corpus from the County Court at Law Number 6
C-1-CR 06-723225

---

Adam T. King Blackwell Reposa
SBN 24040163
1106 San Antonio
Austin, Texas 78701
Tel: (512) 476-0444
Fax: (512) 478-1114
Attorney for Defendant

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 29, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

,
Defendant In Underlying Action
Garet Johnson

Represented by:
Adam T. Reposa
SBN 24040163
1106 San Antonio
Austin, Texas 78701
Tel: (512) 476-0444
Fax: (512) 478-1114


2. State of Texas, Respondent
Lisa Mimms
P.O. box 13046
Austin, TX 78711


Trial Court Judge
The Honorable Michael McCormick, County Court at Law Number 6, Sitting by assignment for
the Honorable Brandy Mueller, Travis County Courthouse
509 W 11th St, Austin, TX 78701

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     i

TABLE OF CONTENTS     ii

STATEMENT OF THE CASE     iii

STATEMENT OF PROCEDURAL HISTORY     iii

GROUNDS FOR REVIEW     iii

STATEMENT OF FACTS     1

1. Procedural History     1
2. Collaterally Relevant Procedural History     1
3. The Dispute That Gave Rise To The Application for Writ of Habeas Corpus
   and now the Original Mandamus Petition.     1
4. Trial Court Ruling     2

ARGUMENTS AND AUTHORITIES     2

STANDARD OF REVIEW     2

PRAYER     3

SIGNATURE     3

VERIFICATION     4

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is waived. The facts stand on their own and no sophisticated legal analysis is required.

## STATEMENT OF THE CASE

This is an appeal of an order denying relief in an Application for Writ of Habeas Corpus in, the State of Texas vs. Garet Johnson, C-1-CR 06-723225

The factual finding of the trial court is in no way supported by the record. The Third Court of Appeals has both so far departed from the accepted and usual course of judicial proceedings, and sanctioned such a departure by a lower court, as to call for an exercise of this Court's power of supervision.

## STATEMENT OF THE PROCEDURAL HISTORY

On July 19, 2015 the court of Appeals delivered an opinion and then denied rehearing and rehearing en banc on October 20, 2013. This Court granted an extension to file until December 28, 2015.

## GROUNDS FOR REVIEW

1. The lower court affirmed a trial court ruling in the face of uncontroverted testimony by the Petitioner. The lower court incredibly relied on a material fact that Petitioner alleged in his writ application and was required himself to prove in order to obtain relief as the basis for their opinion that the trial court did not abuse its discretion in making findings of fact.

Specifically, Garet Johnson alleged in his petition for writ of habeas corpus that he was misled, or in the alternative, lied to, about the terms of his plea bargain by his lawyer. Specifically, the petition alleged that his lawyer advised him that in order to get a felony cocaine case reduced to a misdemeanor he would have to plead guilty to a DWI out of the same incident, that the offer to reduce the felony charge to a misdemeanor was never part of the plea bargain offer from the prosecutor handling the case, and that it was only after a motion to revoke probation was filed in his DWI and Class A Attempted Possession of a Controlled Substance case that Petitioner hired new counsel and discovered that he had been misled about having to plead to the DWI.

(g) Grounds for Review. The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for

review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative or repetitious.

(h) Argument. The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. See Rule 66.3. The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(i) Prayer for Relief. The petition must state clearly the nature of the relief sought. (j) Appendix. The petition must contain a copy of any opinion of the court of appeals.

in , or even *relevant* to, the facts in the record relied upon by this court in affirming the denial, and it is for this reason that Appellant files this motion for rehearing. Counsel for Appellant is unable to advise Appellant as to whether unintentional misunderstanding or intentional ignorance is afoot. Counsel for Appellant can only hope and assume that it is an honest mistake, however he knows that the first opinion entered in this case is clearly mistaken.

## ISSUES PRESENTED FOR RELIEF

The controverted fact for which the hearing was originally convened to decide was whether Appellant was erroneously advised of the terms of a plea bargain that covered two charges. Appellant asserted that he was intentionally misadvised by his lawyer that he had to waive his right to jury trial on a DWI charge and agree to plead guilty in exchange for having a State Jail Felony POCS reduced to a misdemeanor Attempted POCS.

The trial court, after a year and the filing of a writ of mandamus, made the fact finding that the misrepresentation was never made.

This Court found that trial court did not abuse its discretion. In the analysis this Court mentions facts which support the trial courts finding. However the facts mentioned to support the trial court's finding at best have no relevance. At worst, they are the same facts relied upon by the Applicant in his writ of habeas corpus.

Specifically, Appellant asserted that his lawyer intentionally misrepresented that the felony prosecutor wanted him to agree to waive his right to jury trial and plead guilty to DWI as a term in a plea bargain that would reduce a felony POCS charge to a misdemeanor. Essentially the thrust of Appellant's claim was "my lawyer told me I had to plead guilty to a DWI when I didn't. She lied to me. She told me I had to give up my rights when I didn't have to".

Understood logically, for Appellant to meet his burden and prevail on his writ of habeas corpus, he has to show that waiving his right to jury trial on the DWI was not part of the plea bargain, and that his lawyer told him it was. Then contrast that with this Court's opinion that holds that the fact that waiving jury was never part of the plea bargain shows that the lawyer never said that it was, or at least supports the trial court finding on appeal.

Counsel for Appellant can not advise Appellant about whether the logic of this Court's reasoning is an accident or a message.

## ARGUMENT

The record makes clear that Appellant made a claim that he was duped by his lawyer into waiving his right to trial in a writ of habeas corpus. The Third Court *obviously* understood this to be Appellant's claim. The opinion also reduces the issue this way.

> "He asserted that his trial counsel misrepresented information to him about the plea agreements she negotiated on his behalf. He claims that his trial counsel had advised him that in order to accept the plea bargain reducing the felony drug possession to the lesser charge of attempted possession of a controlled substance he was required to plead to the driving while intoxicated charge." *Johnson v. State*, (Tex. App. Austin 2015)

The Third Court goes on to say,

> "Appellant claims that his trial counsel tricked him into entering a plea to the driving while intoxicated charge as a prerequisite to reducing the possession of a controlled substance charge from a felony to a misdemeanor." *Johnson v. State*, (Tex. App. Austin 2015)

The Third Court then discusses the lawyer's testimony and focuses on three facts. First, the lawyer's career and professional experience is established.

> "Appellant's trial counsel testified at the habeas hearing that throughout her 17-year career as a criminal defense attorney she has handled roughly 2500 cases." *Johnson v. State*, (Tex. App. Austin 2015)

The second fact is a partial repetition of the first fact along with a conclusory denial.

> "She indicated that this was not her first time advising a client about the details of a plea agreement and she correctly advised appellant of his options in this case." *Johnson v. State*, (Tex. App. Austin 2015)

The last fact, and the greatest departure from the usual course of judicial proceedings, is the weight given to the testimony that the DWI conviction was never part of the plea bargain.

> "The assistant district attorney handling the felony drug charge testified that "the offer I made was not contingent on anything happening in that DWI."
> Additionally, the assistant county attorney handling the DWI stated that had the

DWI been contingent on the drug charge she would have called the felony prosecutor to work out details of the terms of probation and that she has no record of ever making such a call. In their testimony at the habeas hearing, consistent with their affidavits submitted in response to appellant's habeas corpus application, the assistant district attorney, the assistant county attorney, and appellant's trial counsel all stated that they could not recall any mention of the DWI plea being a prerequisite to the reduction of the drug possession charge nor did they have any notes pertaining to such a package deal in their files. Moreover, neither written plea agreement contained any mention that the plea was related to or conditional upon the other plea." *Johnson v. State*, (Tex. App. Austin 2015)

This is the entire point, and it is clearly understood by the Third Court. Again, the Third Court opinion in this case clearly states:

> "Appellant claims that his trial counsel tricked him into entering a plea to the driving while intoxicated charge as a prerequisite to reducing the possession of a controlled substance charge from a felony to a misdemeanor." *Johnson v. State*, (Tex. App. Austin 2015)

Petitioner's claim boils down to his assertion that his lawyer tricked him into believing that he had to plead guilty to a DWI in order to get his felony charge reduced. In order to meet his burden Petitioner put on evidence that the felony prosecutor never made it a condition of her plea deal and then himself testified that his lawyer told him it was part of the plea deal.

The Third Court reasons that the trial court's finding that the lawyer never told Petitioner that the DWI conviction was part of the felony plea bargain based on the fact, that it was never part of the plea agreement. Basically, since it was never part of the plea bargain, that shows in some way that the lawyer never said that it was.

This is a radical departure from how a hearing to establish whether a lawyer lied to their client about a plea bargain should proceed. The idea that when a Defendant claims that he forfeited a right because his lawyer lied to him about the terms of a plea bargain, and the prosecutor's testimony that forfeiting the right was never part of the plea bargain somehow proves that his lawyer never lied to him and said that it was is just preposterous.

One can only guess whether lawyers are more likely to lie to their client's after years of experience, *or,* the first day on the job. There is nothing about the fact that a lawyer has practiced for years that suggests that the lawyer would not lie. The fact that a lawyer has handled thousands of cases over many years does not make them more or less likely to lie to their clients. Further just saying that your actions were correct does not prove that they are or there would be no need for the hearing.

The contested fact was whether counsel misrepresented to Appellant the terms of the plea bargain and if all that is required to sustain a finding of fact is coming to court and asserting that you didn't err, then the hearing is needless and perfunctory.

Petitioner's testimony was uncontroverted. The reason that the Third Court did not rely on the lawyer's testimony regarding her advice to the client is that there was none.

## PRAYER

Petitioner Johnson prays that this Court grant the petition for discretionary review and any other relief into which Petitioner may be entitled to under law.

Respectfully submitted,

Adam T. Reposa
SBN 24040163
1106 San Antonio
Austin, Texas 78701
Tel: (512) 476-0444
Fax: (512) 478-1114

By:_____
     Adam T. Reposa
     Attorney for Garet Johnson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the Travis County Attorney's Office via Hand Delivery on this, the 4th day of October, 2013.

By:_____
     Adam T. Reposa
     Attorney for Garet Johnson